# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

WILLIAM E MCGHEE,

     Plaintiff,

v.                                     Case No. 19-cv-0330 MV-JFR

MIKE DE LA TORRE,

     Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff William McGhee's *Pro Se* Civil Rights Complaint (Doc. 1).  Plaintiff is incarcerated, *pro se,* and proceeding *in forma pauperis*.  He alleges that a prison guard violated his First Amendment right to access courts by revoking Plaintiff's pen during a state guardianship hearing.  The appointment of a mental health guardian, in turn, allegedly impacted Plaintiff's federal civil rights action.  Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will dismiss the Complaint but grant leave to amend.

## I.    Background

In 2009, Plaintiff was litigating a federal 42 U.S.C. § 1983 action against prison officials. *See McGhee v. Williams, et al,* 04-cv-0239 MV-LAM.  The lawsuit alleged, inter alia, that Plaintiff was denied the right to possess certain property; he was denied recreation time for 120 days; and his visits with his wife were suspended for a total of four years and six months.  (Doc. 319 at 7 in 04-cv-0239).  After ordering *Martinez* reports[1] and conducting an evidentiary hearing, Magistrate

---

[1] A *Martinez* report refers to *Martinez v. Aaron*, 570 F.2d 317, 319-320 (10th Cir. 1978).  That case allows courts to conduct special investigations in prisoner cases, as the plaintiffs are unable to effectively present facts through traditional discovery.

Judge Lourdes Martinez (ret.) recommended that the Court grant summary judgment in favor of Defendants on most claims, but award $101.60 in damages to Plaintiff on his Eighth Amendment claim. (Doc. 319 at 22 in 04-cv-0239). On March 24, 2010, the Court adopted the recommended ruling, in part, but increased the damage award to $1,001.60. (Doc. 321, 322 in 04-cv-0239).

The instant Complaint alleges that Plaintiff was winning that case when unnamed officials sought the appointment of a mental health guardian to medicate Plaintiff. (Doc. 1 at 2). The state court (Hon. Violet Otero) held a guardianship hearing on September 11, 2009. *Id.* at 4. Plaintiff was represented, but the public defender allegedly doubted his ability to make his own treatment decisions. *Id.* at 2. Plaintiff attended the hearing with a flexible ink pen, which he used to take notes. *Id.* at 2, 4. Defendant De La Torre, a correctional officer, revoked the pen without cause. *Id.* Plaintiff was unable to assist with cross-examination or record the alleged lies by the state's witness. *Id.* at 2. Plaintiff loudly stated: "I need an ink pen, ink pen, ink pen, ink pen," but Judge Otero warned that he must remain silent or leave the courtroom. *Id.* at 5. At the conclusion of the hearing, the state court appointed a mental health guardian. *Id.* at 2, 5. The guardian medicated Plaintiff a few days later, which allegedly impaired his mental function. *Id.* Plaintiff contends that the "overdosing" continued for 27 months. *Id.* at 2.

The Complaint raises claims against De La Torre based on the First Amendment right to access courts. (Doc. 1 at 4). Construed liberally, the Complaint appears to claim that the revocation of the pen impacted both the guardianship hearing and the pending § 1983 action, *McGhee v. Williams, et al,* 04-cv-0239 MV-LAM. The exhibits to the Complaint reflect that Plaintiff exhausted administrative remedies and filed several grievances regarding De La Torre's revocation of the pen. (Doc. 1 at 10-13). Plaintiff seeks $1,000 in damages and a declaratory judgment that

2

every individual can use a pen and paper during guardianship hearings.  *Id.* at 8.  Plaintiff obtained leave to proceed *in forma pauperis*, and the matter is ready for initial review.

## II.       Standards Governing Initial Review

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints.  The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e).  The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) of the Federal Rules of Civil Procedure if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted).  The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall,* 935 F.2d at 1110.  While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements."  *Id.*  Moreover, if the initial complaint fails to state a claim, courts should generally grant leave to amend should unless amendment would be futile.  *Id.*

3

### III.     Discussion

Plaintiff's constitutional claim must be analyzed under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

The right to access courts implicates the First Amendment, the Fifth Amendment, and the Due Process Clause. *See Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990); *Love v. Summit County*, 776 F.2d 908, 912 (10th Cir. 1985) (same). An inmate must receive "a reasonably adequate opportunity to present claim[s] … to the courts." *Lewis v. Casey*, 518 U.S. 343, 350 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). The right focuses on the "conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. *See also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (a § 1983 plaintiff must demonstrate that he was effectively "shut out of court"). The right to access courts does not require authorities to supply resources guaranteeing an inmate's ability "to litigate effectively once in court." *Lewis*, 518 U.S. at 354, 360; *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) (prison officials are not required to assist inmates "beyond the preparation of initial pleadings"). However, prison officials "may not erect barriers that impede the right of access of

4

incarcerated persons." *Carper*, 54 F.3d at 617.

An inmate's access to courts is evaluated in conjunction with his right to counsel.  For example, the Tenth Circuit has held that where an inmate is represented, prison officials are not required to provide access to a law library or research materials. *See United States v. Cooper*, 375 F.3d 1041, 1051–52 (10th Cir. 2004) (noting that the "provision of legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library").  Beyond demonstrating a lack of access, a plaintiff must also "show [that the issues] … prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).  "Conclusory allegations of injury in this respect will not suffice." *Wardell v. Duncan*, 470 F.3d 954 (10th Cir. 2006).  *Cf Lewis,* 518 U.S. at 351 ("[A]n inmate cannot establish relevant actual injury simply by establishing [that the] … legal assistance program is subpar in some theoretical sense.").

Applying these standards, the Complaint fails to state a viable § 1983 claim.  The allegations do not show that De La Torre "shut [Plaintiff] out of court" by taking his pen. *Christopher*, 536 U.S. at 415 (setting forth standard for access-to-courts claim).  Plaintiff was represented by counsel at the guardianship hearing, and although it is common for lawyers to request that their clients take notes, rather than interrupt them during their questioning, regarding matters as to which they would like their counsel to inquire, attorneys generally do not rely exclusively on their client's notes for cross-examination.  To the extent that Plaintiff argues that the loss of the pen led to the appointment of a mental health guardian, who medicated Plaintiff and muddled his thinking in the § 1983 action, this claim also fails.  As noted above, the constitution does not guarantee an inmate's right "to litigate effectively once in court." *Lewis*, 518 U.S. at 354.  The Complaint also fails to allege specific facts describing how De La Torre prejudiced Plaintiff in the § 1983 action.  The federal

docket reflects that Plaintiff attended an evidentiary hearing on February 28, 2010, after he was medicated, and obtained a money judgment.  (Docs. 314, 321 in 04-cv-0239).   The Complaint therefore fails to state a cognizable access-to-courts claim.

The Court discerns that Plaintiff may also challenge the competency determination and/or the guardian's administration of medication under a Due Process or Eighth Amendment theory. The Complaint alleges that Plaintiff did not meet the criteria to "inject a prisoner against his will" and that he suffered from the side effects of the drugs.  (Doc. 1 at 3).  The Federal Court (Hon. Judith Herrera) already considered and rejected these claims in 2014.  In *McGhee v. Sweeney,* 11-cv-0640 JCH-WPL, Plaintiff sued the prison officials and medical providers who participated in his guardianship proceedings and administered Haldol D, an antipsychotic medication.  (Doc. 100 at 1, 4 in 11-cv-0640).   After reviewing evidence regarding the underlying guardianship proceedings and the medications, the Court found no Due Process or Eighth Amendment violations. (Docs. 100, 106 in 11-cv-0640).  The Court entered judgment in favor of the defendants, and the Tenth Circuit dismissed Plaintiff's appeal for failure to prosecute.  (Docs. 107, 116 in 11-cv-0640).

To the extent that the instant Complaint reasserts Plaintiff's challenges regarding his involuntary medication, the claim appears to be barred by issue preclusion, also known as collateral estoppel.  The "issue[s] previously decided [*i.e.,* whether the guardianship hearing and/or decision to administer Haldol D violates the Due Process Clause or Eighth Amendment] are identical" to certain allegations in this action.  *Park Lake Res. Ltd. Liab. Co. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004) (setting out the elements for federal issue preclusion).  "The prior action has been finally adjudicated on the merits" through summary judgment proceedings, and Plaintiff exhausted all appeals.  *Id.*  Plaintiff was also the movant in both proceedings.  *Id.*

Consequently, Plaintiff cannot re-litigate any claims against the parties who administered Haldol D unless he shows that he did not have a "full and fair opportunity to litigate" the issue in the prior action. *Id.*

Finally, notwithstanding the above defects, it also appears that all claims are time-barred. Section § 1983 violations occurring in New Mexico are governed by the three-year personal injury statute of limitations contained in N.M. Stat. Ann. § 37-1-8 (1978). *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014). *See also McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (The statute of limitations under § 1983 "is dictated by the personal injury statute of limitations in the state in which the claim arose."). Courts may consider the § 1983 time-bar on screening "when the defense is obvious from the face of the complaint and no further factual record [is] required to be developed." *Fratus v. DeLand*, 49 F.3d 673, 674-75 (10th Cir. 1995). De La Torre's alleged wrongdoing took place on September 11, 2009, when he revoked Plaintiff's pen at the guardianship hearing. (Doc. 1 at 4). Plaintiff alleges that prison officials injected him with medication a few days later and continued "overdosing [him] for a total of 27 months." *Id.* at 2, 5. These allegations reflect that the issue resolved, at the latest, in December 2011. Plaintiff filed the Complaint over seven years later, on April 8, 2019. (Doc. 1). The Complaint therefore appears time-barred on its face.

For these reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e). The Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Leave to amend presents a close call in this case, as there are multiple grounds for dismissal. However, the Court will err on the side of caution and

allow Plaintiff to amend his complaint within sixty (60) days of entry of this Order.  The amended complaint should explain in more detail how De La Torre's revocation of the pen impeded his access to courts.  It should also include more information about the time-bar.  If Plaintiff seeks equitable tolling, he must show that "he has been diligently pursuing his rights and extraordinary circumstances prevented him from timely bringing this action."  *Caballero v. Wyandotte Cty. Sheriff's Dep't*, 789 F. App'x 684, 687 (10th Cir. 2019) (addressing tolling of the § 1983 limitation period).  If Plaintiff declines to timely file an amended complaint or fails another complaint that fails to state a cognizable claim, the Court may dismiss this action with prejudice and without further notice.

**IT IS ORDERED** that Plaintiff's Civil Rights Complaint (**Doc. 1**) is **DISMISSED without prejudice** for failure to state a cognizable claim under 28 U.S.C. § 1915(e); and Plaintiff may file an amended complaint **within sixty (60) days** of entry of this Order.

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE