## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

WILLIAM E MCGHEE,

    Plaintiff,

v.   Case No. 19-cv-0330 MV-JFR

MIKE DE LA TORRE,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court following Plaintiff William McGhee's failure to file an amended civil rights complaint as directed. Plaintiff is incarcerated, *pro se,* and proceeding *in forma pauperis.* His original complaint alleged a prison guard violated his First Amendment right to access courts by revoking Plaintiff's pen during a state guardianship hearing. The state guardianship proceeding occurred in 2009, when Plaintiff was also prosecuting a federal 42 U.S.C. § 1983 action against prison officials. *See McGhee v. Williams, et al,* 04-cv-0239 MV-LAM. Plaintiff attended the state guardianship hearing with a flexible ink pen, which he used to take notes. (Doc. 1 at 2, 4). Defendant De La Torre, a correctional officer, allegedly revoked the pen without cause. *Id.* Plaintiff was unable to assist with cross-examination or record the alleged lies by the state's witness. *Id.* at 2. Plaintiff loudly stated: "I need an ink pen, ink pen, ink pen, ink pen," but Judge Otero warned that he must remain silent or leave the courtroom. *Id.* at 5. At the conclusion of the hearing, the state court appointed a mental health guardian. *Id.* at 2, 5. The guardian medicated Plaintiff a few days later, which allegedly impaired his mental function.

The original complaint raised a claim against De La Torre for violation of Plaintiff's First Amendment right to access courts. Construed liberally, the original complaint alleged that the revocation of the pen impacted both the state guardianship hearing and the pending § 1983 action, *McGhee v. Williams, et al,* 04-cv-0239 MV-LAM. Plaintiff sought $1,000 in damages against De La Torre and a declaratory judgment that every individual can use a pen and paper during guardianship hearings. (Doc. 1 at 8).

By a ruling entered August 18, 2020, the Court screened the original complaint and determined that it failed to state a cognizable claim. (Doc. 10); *see also* 28 U.S.C. § 1915(e) (requiring *sua sponte* screening of *in forma pauperis* complaints). The allegations do not show that De La Torre "shut [Plaintiff] out of court" by taking his pen. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (setting forth standard for access-to-courts claim). Plaintiff was represented by counsel at the state guardianship hearing, and in any event, the constitution does not guarantee an inmate's right "to litigate effectively once in court." *Lewis v. Casey*, 518 U.S. 343, 354 (1996). The Court also observed that, to the extent that the original complaint challenged Plaintiff's involuntary medication, those claims were already considered and rejected in *McGhee v. Sweeney,* 11-cv-0640 JCH-WPL. After reviewing evidence regarding the underlying guardianship proceedings and the medications, the Court (Hon. Judith Herrera) found no Due Process or Eighth Amendment violations. (Docs. 100, 106 in 11-cv-0640).

Notwithstanding these defects, the Court also determined that all claims were plainly time-barred. Section § 1983 violations occurring in New Mexico are governed by the three-year personal injury statute of limitations contained in N.M. Stat. Ann. § 37-1-8 (1978). *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014). The alleged wrongdoing here occurred between

2009 and 2011, and the original complaint was filed over seven years later, on April 8, 2019. For all of these reasons, the Court dismissed the original complaint pursuant to 28 U.S.C. § 1915(e) for failure to state a cognizable claim.

Consistent with *Hall v. Bellmon,* 935 F.2d 1106 (10th Cir. 1991), the Court permitted Plaintiff to file an amended complaint within sixty days of entry of the Memorandum Opinion and Order. The ruling included instructions on what information Plaintiff should include in his amended pleading, such as legal standards and the standard for equitable tolling. Plaintiff was also warned that if he declined to timely file an amended complaint or filed an amended complaint that failed to state a claim, the Court would dismiss this case with prejudice. The deadline to file an amended complaint was October 17, 2020. Plaintiff did not comply or otherwise respond to the Memorandum Opinion and Order. The Court will therefore dismiss this action with prejudice pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Plaintiff William McGhee's Prisoner Civil Rights Claims (**Doc. 1**) are **DISMISSED** with prejudice; and the Court will enter a separate judgment closing the civil case.

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

3